# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD D. ASHFORD, | CASE NO. 1:04-CV-6120-OWW-LJO-P |
| Plaintiff, | ORDER DENYING MOTION FOR ORDER FOR PHYSICAL EXAMINATION AND |
| v. | MOTION FOR APPOINTMENT OF COUNSEL |
| DR. JEFFREY NEUBARTH, M.D., | (Docs. 39 and 40) |
| Defendant. | |

Plaintiff Edward D. Ashford ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this tort action filed on August 17, 2004. On December 15, 2005, Plaintiff filed motions seeking an order for examination pursuant to Federal Rule of Civil Procedure 35(a), and for the appointment of counsel. Defendant did not respond to the motions.

Plaintiff's reliance on Rule 35 to obtain a medical expert to examine him is misplaced. In relevant part, Rule 35 is a mechanism by which a party, at that party's cost, may obtain an order for the examination of an opposing party. Plaintiff's motion shall therefore be denied. If Plaintiff wishes to arrange for an independent medical examination, he may do so without a Court order.[1]

The Court cannot require an attorney to represent Plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method

---

[1] If Plaintiff is able to arrange for an independent examination but unable to facilitate the appointment due to his imprisonment, Plaintiff may request the Court's assistance in that capacity.

1 of securing and compensating counsel, this Court will seek volunteer counsel only in the most
2 serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of
3 both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims
4 *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations
5 omitted).

6     In the present case, the Court does not find the required exceptional circumstances. Even if
7 it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
8 which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with
9 similar cases almost daily. At this early stage in the proceedings, the Court cannot make a
10 determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
11 in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Terrell,
12 935 F.2d at 1017.

13     For the foregoing reasons, Plaintiff's motion for an order for examination and motion for the
14 appointment of counsel, filed December 15, 2005, are HEREBY DENIED.

15

16 IT IS SO ORDERED.

17 **Dated:   February 9, 2006**          /s/ Lawrence J. O'Neill
   b9ed48                              UNITED STATES MAGISTRATE JUDGE
18